IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KARL J. NUNLEY            PLAINTIFF

    v.         Civil No. 10-5045

CHIEF OF POLICE HAMILTON,
Rogers Police Department; CORPORAL
JESSIE RAY, Rogers Police Department;
JOSH TERRELL, Paramedic, Rogers Fire
Department; DAVID CRAWFORD, K-9 Unit
Dog Handler, Rogers Police Department         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Karl J. Nunley (hereinafter Nunley), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. Nunley proceeds *pro se* and *in forma pauperis*.

Defendants filed a motion to dismiss (Doc. 11). Nunley responded to the motion on February 15, 2011 (Doc. 15). The motion is now ready for decision.

### 1. Background

According to the allegations of the complaint (Doc. 1), on October 1, 2009, at approximately 9:30 p.m., Nunley, and his finance, Kelly S. Cockerel, were being held at gun point by Matthew Dague in a van owned by Cockerel. The van was located in the Rogers Commons apartment complex in Rogers, Arkansas. Gun shots were exchanged by Dague and Corporal Jessie Ray, of the Rogers Police Department. Ray is alleged to have emptied his service revolver into the driver's side of the van. Dague was hit and fatally wounded.

Nunley alleges that a total of twenty-seven shots were fired by Ray and Dague. According to Nunley, he was struck in the skull by one of the bullets from Ray's gun. While he was walking backwards to the sound of an officer's voice, Nunley alleges David Crawford, of the Rogers Police Department, allowed his K-9 to attack Nunley ripping off his shirt.

Nunley alleges he was very disoriented by this time. Paramedic Josh Terrell arrived at the scene but did not examine Nunley for injuries.

Nunley alleges he was transported to the Rogers Police Department for a period of about seven hours. Nunley maintains he was in shock and was confused by the questioning. After he was tested for gun shot residue, Nunley states he was taken back to the scene. Chief Hamilton apologized and gave Cockerel his card. They were advised to send a bill of sale for the vehicle and for any counseling they might need to Hamilton.

The next morning, Cockerel noticed the blood in Nunley's hair and they realized he had been hit. He then recalled something hitting him in the head and then cracking the windshield. Nunley phoned the Rogers Police Department and stated that he was going to St. Mary's Hospital. Nunley was advised he should seek counseling at Ozark Guidance Center for signs of Post Traumatic Stress Symptoms.

### 2. Arguments of the Parties

Defendants have now moved for dismissal of the case for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). First, they maintain Nunley has failed to plead that a municipal custom, practice, or policy, was the moving force behind the alleged constitutional violations. For this reason, they maintain the claims against them in their official capacities should be dismissed. Second, they maintain that to the extent Nunley's arrest and detention resulted in charges that are currently pending, the Court should abstain from deciding

AO72A
(Rev. 8/82)

any claims arising from the charges.  Finally, the City of Rogers maintains it is statutorily immune from tort liability.

In opposition, Nunley maintains he should be allowed to proceed with the claims against all Defendants.  With respect to Ray, Crawford, and Terrell, Nunley points out they all took affirmative actions that violated his rights.  With respect to Hamilton, Nunley notes Hamilton supervised Ray.

### 3.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. See Twombly, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

AO72A
(Rev. 8/82)

"Several principles guide us in determining whether a complaint meets [the plausibility] standard.  First, the court must take the plaintiff's factual allegations as true.  This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may properly be set aside."  Braden, 588 F.3d at 594 (citation omitted).  Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim."  Id. (quotation marks and citation omitted).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden, 588 F.3d at 594.  The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).

**4.  Discussion**

"To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."  Van Zee v. Hanson, 2011 WL 135735, *1 (8th Cir. Jan. 18, 2011)(citation omitted).

The gist of the complaint is that Ray unreasonably seized Nunley during the exchange of gunfire.  "All claims that law enforcement officials used excessive force--deadly or not--in the course of making an arrest or other 'seizure' of a free citizen are properly analyzed under the [objective reasonableness standard of the] Fourth Amendment."  Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir. 1993)(citing Graham v. Connor, 490 U.S. 386, 394-95 (1989)).  In determining

if a use of force was objectively reasonable, the Court considers the facts and circumstances of the case, including the crime's severity, whether the suspect posed an immediate threat to the safety of officers or others, and whether he resisted arrest or fled. Hernandez v. Jarman, 340 F.3d 617, 621 (8th Cir. 2003). "A shooting is objectively reasonable when the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical harm to the officer or others." Ribbey v. Cox, 222 F.3d 1040, 1043 (8th Cir. 2000)(internal quotations and citation omitted). "A mistaken understanding of the facts that is reasonable in the circumstances can render a seizure based on that understanding reasonable under the Fourth Amendment." Seiner v. Drenon, 304 F.3d 810 (8th Cir. 2002). After review of the complaint, I believe a plausible claim for relief has been stated against Ray.

With respect to Crawford, Nunley alleges Crawford allowed his K-9 to attack Nunley even though he was submitting to the officers' commands and presented no threat. This claim is also analyzed under the Fourth Amendment's objective reasonableness standard. See e.g., Dennen v. City of Duluth, 350 F.3d 786, 791 (8th Cir. 2003). I believe a plausible claim has been stated against Crawford.

With respect to Terrell, I find no claim is stated. While Nunley has a constitutional right to adequate medical care while in custody, the affirmative duty to provide medical care is on the custodian. Plemmons v. Roberts, 439 F.3d 818, 823 (8th Cir. 2006)(department must "provide inmates in their custody with medical care"). Nunley was not in Terrell's custody.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipality can only be held liable under § 1983 if an action pursuant to official municipal policy, or widespread custom, or practice caused the deprivation

AO72A
(Rev. 8/82)

of constitutional rights. Monell v. Dept. of Social Services, 436 US. 658, 691 (1978). Here, Nunley has not alleged that Defendants acted pursuant to an official custom, or policy, or practice of Rogers.

With respect to any individual capacity claim against Hamilton, I find no plausible claim is stated. Nunley alleges only that Hamilton supervised Ray, apologized, and asked them to send him a bill of sale for the vehicle and any bill for counseling. Hamilton cannot be held liable on a respondeat superior basis. Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010). There is no allegation Hamilton directly participated in any of the alleged unconstitutional conduct.

Defendants final argument is that the Court should abstain in this case because there are criminal charges pending against Nunley. Nothing in the record indicates what crimes Nunley has been charged with. An excessive force claim may be analytically distinct from the question of whether a Plaintiff violated the law. See e.g., Huey v. Stine, 230 F.3d 226, 230 (6th Cir.2000) ("degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."). On the record before me, abstention is not appropriate.

### 5. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 11) be granted in part and denied in part. Specifically, I recommend that all claims against Josh Terrell and Chief of Police Hamilton be dismissed. Further, I recommend that any official capacity claims asserted against Jessie Ray and David Crawford be dismissed. This leaves for later determination the excessive force claims against Ray and Crawford.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)